IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| Acer, Inc.<br><br>      Plaintiff,<br><br>v.<br><br>Paccar, Inc.<br><br>      Defendant. | C.A. No. 2:25-cv-00740<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Acer, Incorporated ("Plaintiff" or "Acer"), by and through their undersigned counsel, file this Complaint against Defendant Paccar, Inc. ("Defendant" or "Paccar"), and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement. Defendant has infringed and continues to infringe, contribute to the infringement of, and/or actively induce others to infringe U.S. Patent Nos. 8,787,304 (the "'304 Patent") and 8,737,333 (the "'333 Patent") (collectively "the Patents in Suit").

2. The Patents in Suit are "Standard Essential Patents" ("SEPs"), which means that they are essential to the implementation of widely adopted standards. In this case, the relevant standards pertain to wireless communications commonly known as 4G, LTE or LTE-Advanced.

3. Plaintiff, through its licensing agent Avanci, LLC, has offered a license to the Patents in Suit on FRAND terms, and is prepared to grant a license to Defendant's infringing

products on terms and conditions that are fair, reasonable, and non-discriminatory ("FRAND"). Plaintiff brings this action because Defendant has refused the FRAND offers of Plaintiff's licensing agent, has refused to negotiate in good faith, but continues to manufacture and sell products that practice, use, or otherwise comply with the standards covered by the Patents in Suit.

## THE PARTIES

4.      Plaintiff Acer, Inc. is a corporation organized and existing under the laws of Taiwan, and is headquartered in Taipei, Taiwan.

5.      On information and belief, Defendant Paccar, Inc. is a corporation organized under the laws of the State of Delaware. Paccar's corporate headquarters is located in Bellevue, Washington. Its Peterbilt division is located in this District, with corporate offices at 1700 Woodbrook St., Denton TX, and a truck manufacturing facility in Denton, Texas. Paccar may be served with process through its registered agent, The Prentice-Hall Corporation System, Inc., 211 E. 7th Street, Suite 620, Austin, TX 78701.

## JURISDICTION AND VENUE

6.      This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.      On information and belief, the Court has personal jurisdiction over Paccar because, directly or through intermediaries, Paccar has committed acts within the Eastern District of Texas giving rise to this action and/or has established minimum contacts with Eastern District of Texas, such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.  These acts include the manufacturing of infringing articles – trucks with telematics modules that can communicate through the 4G LTE cellular network – by its Peterbilt

division in Denton, Texas, and encouraging its customers to use these telematic modules to transmit data over the 4G LTE cellular network, for example, by subscribing to Paccar's SmartLINQ and TruckTech+ services.

8.      In addition, on information and belief, Paccar have placed or contributed to placing products that infringe the Patents in Suit (the "Accused Products") into the stream of commerce via established distribution channels knowing or understanding that such products would be sold or used in the United States, including in this District. For example, on information and belief, Defendant sells products under its Peterbilt and Kenworth brands through truck dealers located in this district, including the following dealers: MHC Kenworth, 5565 East Loop 281 South, Longview, Texas; and Rush Peterbilt Truck Center, 11042 Highway 69N, Tyler, Texas.

9.      On information and belief, Defendant has derived substantial revenue from infringing acts in this District, including from the sale and use of Accused Products.

10.     Venue is proper in this Court according to the venue provisions set forth by 28 U.S.C. §§ 1391(b)-(d) and 1400(b). Paccar maintains established and regular places of business in this District, manufactures the accused products in this District, has transacted Business in this District, and has committed acts of patent infringement from those regular and established places of business. Therefore, venue is appropriate in this District pursuant to 28 U.S.C. § 1400(b).

## BACKGROUND

11.     U.S. Patent No. 8,787,304 titled "Method for Reference Signal Pattern Allocation and Related Communication Device" (the "'304 Patent") was duly and legally issued by the U.S. Patent and Trademark Office on July 22, 2014, after full and fair examination. Yan-Xiu Zheng and Chung-Lien Ho are the named inventors listed on the '304 Patent. A true and correct copy of the '304 Patent is attached hereto as Exhibit A.

12. The '304 Patent was assigned to Acer, Inc. by the inventors and Acer owns all right, title and interest in the '304 Patent.

13. U.S. Patent No. 8,737,333 titled "Method of Power Reporting And Communication Device Thereof" (the "'333 Patent") was duly and legally issued by the U.S. Patent and Trademark Office on May 27, 2014, after full and fair examination. Chun-Yen Wang and Chun-Chia Chen are the named inventors listed on the '333 Patent. A true and correct copy of the '333 Patent is attached hereto as Exhibit B.

14. The '333 Patent was assigned to Acer, Inc. by the inventors and Acer owns all right, title and interest in the '333 Patent.

15. Acer has declared the Patents in Suit essential to certain telecommunications standards that are managed by ETSI. This declaration that the Patents in Suit are essential to certain standards comes with a commitment by Acer to license its Standards Essential Patents ("SEPs") on a FRAND basis.

16. The Patents in Suit are part of a licensing platform that is managed by Avanci, LLC.

17. Plaintiff, through its licensing agent Avanci, has made a FRAND offer to Paccar to license the Patents in Suit through the Avanci licensing platform. This offer was on terms made to, and accepted by, other licensees who have taken licenses from the Avanci licensing platform. Notwithstanding the FRAND offer, Defendant has refused to license the patents for 4G LTE technology.

18. Specifically, on information and belief, Avanci first advised Paccar of its need to take a license under Avanci's 4G Vehicle program in January 2022. In July 2022, Avanci notified Paccar that the pricing for a 4G Vehicle license would increase as of September 1, 2022. In early August 2022, Avanci sent Paccar its standard 4G Vehicle patent license agreement. Avanci

updated Paccar on the status of its 4G Vehicle licensing program on numerous occasions between September and December 2022, and provided Paccar with a draft NDA. Paccar did not respond to any of Avanci's communications during 2022.

19. On information and belief, from January through October of 2023, Avanci continued to send Paccar updates regarding the 4G Vehicle licensing program and invited Paccar to engage in a good-faith licensing discussion. Paccar did not respond during this time period.

20. On information and belief, in November 2023, Paccar responded to Avanci. Since that time, Avanci has engaged in a good faith licensing discussions with Paccar regarding the program, in an effort to execute a license. Avanci answered Paccar's questions, provided program updates, and offered to connect Paccar with licensees for purposes of requesting technical information. Paccar declined these offers.

21. Given Paccar's refusal to engage in good faith negotiations with Avanci, in February 2025, Avanci advised Paccar that they were at an impasse and issued a Notice of Impasse.

22. Instead of signing a license on the same terms as others in the industry, Paccar has engaged in delay tactics, refusing to take a license on FRAND terms.

## COUNT I
## Infringement of U.S. Patent No. 8,787,304

23. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-22 as though fully set forth herein.

24. On information and belief, the accused products are trucks that include 4G LTE modules that include processors and transmitters that practice the claimed inventions by implementing at least the following standards: [1] TS 36.211 3GPP TSG RAN; Evolved Universal

Terrestrial Radio Access (E-UTRA); Physical channels and modulation (Release 10), v 10.2.0 (2011-06).

25. On information and belief, certain of these trucks are manufactured in the United States by Defendant, at its facilities in Denton, Texas and Chillicothe, Ohio. On information and belief, all Peterbilt branded truck models manufactured since 2017 contain telematic modules that provide 4G LTE connectivity. Examples of the accused truck models include, for example, the following Peterbilt models: Model 579, Model 589, Model 567, Model 548, Model 537, Model 536, and Model 535. Accused truck models sold under the Kenworth brand include all of Kenworth's class 8 truck models. (Collectively, the Peterbilt and Kenworth branded trucks are referred to herein as "Accused Products"). The owners' manuals for these vehicles identify the telematics module as TCU2 NA IP30 and TCU2 NA IP67. On information and belief, both of these telematics modules provide 4G LTE communications functionality to the Accused Products.

26. On information and belief, Paccar, through its Peterbilt and Kenworth divisions, offers telematic solutions that allow truck operators to monitor and provide over-the-air updates to their trucks. Through its Peterbilt division, Paccar offers SmartLINQ branded connected truck services using the built in 4G LTE telematics module, Paccar's app, and on-line PACCAR Solutions Service Management portal. This connects to the truck using the cellular data network and the telematic module in the Accused Truck. Likewise, through its Kenworth Brand, Paccar provides this technology under the brand name TruckTech+. Paccar sells trucks with 4G telematics modules and encourages its customers to use this technology through its on-line marketing material that it provides to its customers, including on its website. Paccar further provides services to its customers that use this 4G LTE communications technology.

27. On information and belief, Paccar provides its SmartLINQ Sales Sheet, located on its web page at www.peterbilt.com (retrieved on July 7, 2025 and attached hereto as Exhibit C). The sales sheet explains that "SmartLINQ continuously monitors diagnostic codes and alerts your fleet manager via an email and the PACCAR Solutions portal." The sales sheet further explains that updates to the truck's software can be transmitted "over the air." On information and belief, Defendant and/or its customers use the 4G cellular network to provide these monitoring and updating services.

28. On information and belief, Paccar provides the Paccar Over-The-Air Updates Quick reference guide that instructs its customers to use the 4G cellular system to monitor and provide over-the-air software updates. A copy of this is located on its webpage www.peterbilt.com (retrieved on July 7, 2025, and attached hereto as Exhibit D). For example, the quick reference guide explains that "The vehicle must have good cellular reception and experience a key-on cycle within the next 24 hours to initiate the enabling process." It further explains that for software updates, "If the truck is on the road with good cellular network coverage, the update should be 'ready to install' within approximately 15 minutes."

29. On information and belief, the Accused Products are sold to a network of franchised dealerships throughout the United States, who then resell the accused trucks to the public, including in this district.

30. On information and belief, Paccar designs, makes, uses, imports, offers to sell, and has sold the Accused Products in the United States and in this judicial district.

31. Defendant is infringing and continue to infringe at least claim 37 of the '304 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using,

selling, importing, and/or offering to sell the Accused Products in the United States without a license.

32. On information and belief, Defendant has induced and are inducing infringement of one or more claims of the '304 Patent under 35 U.S.C. §271(b), including the claims identified herein. Defendant has actively, knowingly, and intentionally induced infringement of the '304 Patent by selling, offering to sell, and/or importing into the United States the accused devices after being notified of the infringement by Plaintiff. These acts were done with the knowledge and specific intent that third parties, including the customers or downstream consumers, will continue to use, sell, offer for sale, or import the accused devices supplied by Defendant to infringe the Patents in Suit. Defendant does this, for example, by providing marketing materials and owners' manuals encouraging use of the wireless functionality provided by the accused products through its SmartLINQ and TruckTech+ service. Defendant has had actual knowledge of their infringement since at least the date of this complaint and, on information and belief, since at least January 2022, when Avanci advised it of the existence of its 4G Vehicle licensing platform and Paccar's need for a license. At a minimum, on information and belief, Paccar has been willfully blind to the existence of the '304 Patent and its infringement, as Avanci's website identifies Acer as one of the patent owners whose standard essential patents are available as part of Avanci's 4G Vehicle patent license.

33. On information and belief, Defendant has contributed to and are contributing to infringement of one or more claims of the '304 Patent under 35 U.S.C. § 271(c), including the claims identified herein. Defendant has, after being notified of the infringement by Plaintiff or its agent, actively, knowingly, and intentionally contributed to infringement of the '304 Patent by selling, offering to sell and/or importing into the United States accused devices for use in practicing

the '304 Patent. These products have no substantial non-infringing uses and are known by Defendant to be especially made or especially adapted for use in the patented process that constitutes infringement of the '304 Patent. The telematics modules in the accused devices are specifically designed to practice the claimed method and when Paccar's customers use the accused devices, at least one claim of the '304 Patent is practiced. Defendant's acts were done with the knowledge and specific intent that third parties, including its customers or downstream consumers, will use the accused devices supplied by Defendant to infringe the '304 Patent. Upon information and belief, these customers and downstream purchasers of the accused automobiles directly infringe the '304 Patent by using the accused devices to practice the patent process in the United States. Defendant has had actual knowledge of their infringement since at least the date of this complaint and, on information and belief, since at least January 2022, when Avanci advised it of the existence of its 4G Vehicle licensing platform and Paccar's need for a license. At a minimum, on information and belief, Paccar has been willfully blind to the existence of the '304 Patent and its infringement, as Avanci's website identifies Acer as one of the patent owners whose standard essential patents are available as part of Avanci's 4G Vehicle patent license.

34.  The Accused Products infringe at least claim 37 of the '304 Patent because the standards used for wireless transmission practice the asserted claim when embodied in a device with a processor and storage. Exhibit E is a claim chart, which is hereby incorporated by reference, showing how devices with processors and storage programmed to perform exemplary portions of the relevant standards used in the Accused Products meet each and every limitation of at least claim 37.

## COUNT II
### Infringement of U.S. Patent No. 8,737,333

35. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-34 as though fully set forth herein.

36. On information and belief, the accused products are trucks that include 4G LTE modules that include processors and transmitters that practice the claimed inventions by implementing at least the following standards: (1) TS 36.300 3GPP TSG RAN; Evolved Universal Terrestrial Radio Access (E-UTRA) and Evolved Universal Terrestrial Radio Access Network (E-UTRAN); Overall description (Release 11), v 11.14.0 (2015-12); (2) TS 36.321 3GPP TSG RAN; Evolved Universal Terrestrial Radio Access (E-UTRA); Medium Access Control (MAC) protocol specification (Release 10), v 10.10.0 (2013-12) and (3) TS 36.101 GPP TSG RAN; User Equipment (UE) radio transmission and reception (Release 10), v 10.16.0 (2014-09).

37. On information and belief, certain of these trucks are manufactured in the United States by Defendant, at its facilities in Denton, Texas and Chillicothe, Ohio. On information and belief, all Peterbilt branded truck models manufactured since 2017 contain telematic modules that provide 4G LTE connectivity. Examples of the accused truck models include, for example, the following Peterbilt models: Model 579, Model 589, Model 567, Model 548, Model 537, Model 536, and Model 535. Accused truck models sold under the Kenworth brand include all of Kenworth's class 8 truck models. (Collectively, the Peterbilt and Kenworth branded trucks are referred to herein as "Accused Products"). The owners' manuals for these vehicles identify the telematics module as TCU2 NA IP30 and TCU2 NA IP67. On information and belief, these telematics modules provide 4G LTE communications functionality to the Accused Products.

38. On information and belief, Paccar, through its Peterbilt and Kenworth divisions, offers telematic solutions that allow truck operators to monitor and provide over-the-air updates to their trucks. Through its Peterbilt division, Paccar offers SmartLINQ branded connected truck services using the built in 4G LTE telematics module, Paccar's app, and on-line PACCAR Solutions Service Management portal. This connects to the truck using the cellular data network and the telematic module in the Accused Truck. Likewise, through its Kenworth Brand, Paccar provides this technology under the brand name TruckTech+. Paccar sells trucks with 4G telematics modules and encourages its customers to use this technology through its on-line marketing material that it provides to its customers, including on its website. Paccar further provides services to its customers that use this 4G LTE communications technology.

39. On information and belief, Paccar provides its SmartLINQ Sales Sheet, located on its web page at www.peterbilt.com (retrieved on July 7, 2025 and attached hereto as Exhibit C). The sales sheet explains that "SmartLINQ continuously monitors diagnostic codes and alerts your fleet manager via an email and the PACCAR Solutions portal." The sales sheet further explains that updates to the truck's software can be transmitted "over the air." On information and belief, Defendant and/or its customers use the 4G cellular network to provide these monitoring and updating services.

40. On information and belief, Paccar provides the Paccar Over-The-Air Updates Quick reference guide that instructs its customers to use the 4G cellular system to monitor and provide over-the-air software updates. A copy of this is located on its webpage www.peterbilt.com (retrieved on July 7, 2025, and attached hereto as Exhibit D). For example, the quick reference guide explains that "The vehicle must have good cellular reception and experience a key-on cycle within the next 24 hours to initiate the enabling process." It further explains that for software

updates, "If the truck is on the road with good cellular network coverage, the update should be 'ready to install' within approximately 15 minutes."

41. On information and belief, the Accused Products are sold to in the United States, including through a network of authorized dealerships, who then resell the accused trucks to the public, including in this district.

42. On information and belief, Paccar designs, makes, uses, imports, offers to sell, and has sold the Accused Products in the United States and in this judicial district.

43. Defendant is infringing and continue to infringe at least claim 1 of the '333 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, selling, importing, and/or offering to sell the Accused Products in the United States without a license.

44. On information and belief, Defendant has induced and are inducing infringement of one or more claims of the '333 Patent under 35 U.S.C. §271(b), including the claims identified herein. Defendant has actively, knowingly, and intentionally induced infringement of the '333 Patent by selling, offering to sell, and/or importing into the United States the accused devices after being notified of the infringement by Plaintiff or its agent. These acts were done with the knowledge and specific intent that third parties, including the customers or downstream consumers, will continue to use, sell, offer for sale, or import the accused devices supplied by Defendant to infringe the Patents in Suit. Defendant does this, for example, by providing marketing materials and owner's manuals encouraging use of the wireless functionality provided by the accused products through its SmartLINQ and TruckTech+ services. Defendant has had actual knowledge of their infringement since at least the date of this complaint and, on information and belief, since at least January 2022, when Avanci advised it of the existence of its 4G Vehicle

licensing platform and need for a license. At a minimum, on information and belief, Paccar has been willfully blind to the existence of the '333 Patent and its infringement, as Avanci's website identifies Acer as one of the patent owners whose standard essential patents are available as part of Avanci's 4G Vehicle patent license.

45. On information and belief, Defendant has contributed to and are contributing to infringement of one or more claims of the '333 Patent under 35 U.S.C. § 271(c), including the claims identified herein. Defendant has, after being notified of the infringement by Plaintiff or its agent, actively, knowingly, and intentionally contributed to infringement of the '333 Patent by selling, offering to sell and/or importing into the United States accused devices for use in practicing the '333 Patent. These products have no substantial non-infringing uses and are known by Defendant to be especially made or especially adapted for use in the patented process that constitutes infringement of the '333 Patent. The telematics modules in the accused devices are specifically designed to practice the claimed method and when Paccar's customers use the accused devices, at least one claim of the '333 Patent is practiced. Defendant's acts were done with the knowledge and specific intent that third parties, including its customers or downstream consumers, will use the accused devices supplied by Defendant to infringe the '333 Patent. Upon information and belief, these customers and downstream purchasers of the accused automobiles directly infringe the '333 Patent by using the accused devices to practice the patent process in the United States. Defendant has had actual knowledge of their infringement since at least the date of this complaint and, on information and belief, since at least January 2022, when Avanci advised it of the existence of its 4G Vehicle licensing platform and need for a license. At a minimum, on information and belief, Paccar has been willfully blind to the existence of the '333 Patent and its

infringement, as Avanci's website identifies Acer as one of the patent owners whose standard essential patents are available as part of Avanci's 4G Vehicle patent license.

46. The Accused Products infringe at least claim 1 of the '333 Patent because the standards used for wireless transmission practice the asserted claim when embodied in a device with a processor and storage. Exhibit F is a claim chart, which is hereby incorporated by reference, showing how devices with processors and storage programmed to perform exemplary portions of the relevant standards used in the Accused Products meet each and every limitation of at least claim 1.

## JURY DEMAND

47. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

48. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court.

49. Plaintiff has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action. The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiff is entitled to recover its reasonable and necessary attorneys' fees, costs, and expenses.

50. Plaintiff respectfully requests that the Court find in their favor and against Defendant, and that the Court grant Plaintiff the following relief:

    A. A judgment that Defendant has infringed the Patents in Suit as alleged herein;

    B. A judgment and order for an accounting of all damages sustained by Plaintiff

      as a result of the acts of infringement by Defendant;

C.    A judgment and order requiring Defendant to pay post-trial damages in the form of a court-determined royalty;

D.    A judgment and order requiring Defendant to pay damages and any royalties determined to be appropriate pursuant to 35 U.S.C. § 284;

E.    A judgment and order requiring Defendant to pay Plaintiff pre-judgment and post-judgment interest on the damages awarded;

F.    A judgment and order finding this to be an exceptional case and requiring Defendant to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285; and

G.    Such other and further relief as the Court deems just and equitable.

Dated: July 23, 2025　　　　　By:  */s/ Eric H. Findlay*
　　　　　　　　　　　　　　　　Eric H. Findlay
　　　　　　　　　　　　　　　　State Bar No. 00789886
　　　　　　　　　　　　　　　　FINDLAY CRAFT, P.C.
　　　　　　　　　　　　　　　　7270 Crosswater Avenue, Suite B
　　　　　　　　　　　　　　　　Tyler, TX 75703
　　　　　　　　　　　　　　　　Tel: (903) 534-1100
　　　　　　　　　　　　　　　　Fax: (903) 534-1137
　　　　　　　　　　　　　　　　efindlay@findlaycraft.com

　　　　　　　　　　　　　　　　*Of counsel:*
　　　　　　　　　　　　　　　　Kai Tseng (CA Bar No. 193756)
　　　　　　　　　　　　　　　　ktseng@tklg-llp.com
　　　　　　　　　　　　　　　　Craig R. Kaufman (CA Bar No. 159458)
　　　　　　　　　　　　　　　　ckaufman@tklg-llp.com
　　　　　　　　　　　　　　　　Jerry Chen (CA Bar No. 229318)
　　　　　　　　　　　　　　　　jchen@tklg-llp.com
　　　　　　　　　　　　　　　　TECHKNOWLEDGE LAW GROUP LLP
　　　　　　　　　　　　　　　　20660 Stevens Creek Blvd.,
　　　　　　　　　　　　　　　　Suite 381
　　　　　　　　　　　　　　　　Cupertino, CA  95014
　　　　　　　　　　　　　　　　Telephone:　　(650) 517-5200

　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　Acer, Inc.