**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ACER, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:25-CV-00740-JRG |
| | § | |
| PACCAR INC, | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the Court is PACCAR Inc's Opposed Motion to Seal Limited Portions of Acer, Inc.'s Complaint ("Motion").  (Dkt. No. 21.)  Having considered the Motion, all associated briefing, and the documents submitted in support thereof, the Court finds that the Motion should be **DENIED**.

Defendant PACCAR Inc contends that paragraphs 18–22 of the Complaint (Dkt. No. 1) should be sealed.  (Dkt. No. 21 at 1.)  Those paragraphs discuss failed licensing efforts between Plaintiff Acer, Inc.'s licensing agent Avanci, LLC and Defendant.  (Dkt. No. 1 ¶¶ 18–22.)  A few exemplary quotations from the paragraphs Defendant seeks to seal include:

- "In early August 2022, Avanci sent Paccar its standard 4G Vehicle patent license agreement";

- "On information and belief, from January through October of 2023, Avanci continued to send Paccar updates regarding the 4G Vehicle licensing program . . .";

- "On information and belief, in November 2023, Paccar responded to Avanci."

(*Id.* ¶¶ 18–20.)

Defendant contends that the disputed paragraphs "add[] little to the public's understanding of this case" and are protected by a non-disclosure agreement that allegedly governs.  (Dkt. No. 21 at 1–3.)  It also contends that sealing would further public policy.  (*Id.*)

Defendant has not overcome the presumption that paragraphs 18–22 of the Complaint should not be sealed.  "[T]he working presumption is that judicial records should not be sealed." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021).  This is the case because:

> Judicial records belong to the American people; they are public, not private, documents. Certainly, some cases involve sensitive information that, if disclosed, could endanger lives or threaten national security. But increasingly, courts are sealing documents in run-of-the-mill cases where the parties simply prefer to keep things under wraps.

*Id.* at 417.

Critically, Defendant does not articulate any harm to it if the disputed paragraphs remained publicly accessible, which supports denying Defendant's Motion.  The Court also agrees with Plaintiff that Defendant's ninety-three-day delay before filing the Motion—all while the paragraphs remained publicly accessible—weighs in favor of denying the Motion.  *See, e.g.*, *Charlemagne v. Educ. All., Inc.*, No. 22-CV-1136, 2022 WL 1421480, at *2 (S.D.N.Y. May 5, 2022) (denying motion to seal complaint when the motion was filed sixty-five days after the filing of the original complaint).

It therefore is **ORDERED** that the Motion is **DENIED**.

## So Ordered this

**Apr 4, 2026**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

2